SO ORDERED.

SIGNED this 10 day of February, 2016.

Joseph N. Callaway
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

IN RE:                                                    CASE NO.

**DOUGLAS S. MCGLOHON**                      **15-06165-5-JNC**
                                                          **CHAPTER 13**

                 **DEBTOR**

### ORDER REGARDING TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS

The matter before the court is the Trustee's Objection to Confirmation and Motion to Dismiss (the "Objection and Motion"). A hearing in the matter was held on February 3, 2016 in Greenville, North Carolina. Richard M. Stearns, the chapter 13 trustee (the "Trustee") appeared for his office, and Michael B. Sosna appeared as attorney for the debtor, Douglas S. McGlohon. At the hearing, in addition to matters raised in the Objection and Motion, the court expressed concern regarding the use of a "next friend" to sign Mr. McGlohon's petition for relief. Mr. McGlohon's competence was raised in response. As these are threshold issues, the court took the matter under advisement and permitted the parties to supply supplemental material on the subject. After review of the record, the statements of counsel at hearing, and supplemental materials, the matter is ready for determination.

## Case Background

Jessie T. Watford, acting as Mr. McGlohon's ostensible "next friend and wife," signed a voluntary petition for relief under chapter 13 of the Bankruptcy Code and schedules on behalf of Mr. McGlohon on November 12, 2015.  Mr. McGlohon has not signed or executed any documents in the case.  No prior state court order on his competence or motion to appoint a next friend or guardian ad litem accompanied the petition, nor has such a motion been filed postpetition.  On December 11, 2015, the Trustee filed an Objection to Confirmation and Motion to Dismiss. (DE 14). Mr. McGlohon filed a Response to Trustee's Motion to Dismiss on December 29, 2015, stating: "Debtor is incompetent and filed this petition through his wife, Jessie Watford as 'next friend.'  Jessie Watford has failed to communicate with attorney's office even after numerous attempts [to] contact her."  No other defenses were raised.  He also requested a hearing on the matter. (DE 18).

At the hearing, the Trustee asked the court to dismiss the case based on the three points raised in the Objection and Motion: (1) failure of the debtor to attend the debtor education class required in every consumer bankruptcy case; (2) failure of the debtor to attend the Bankruptcy Code Section 341 creditors' meeting scheduled and noticed in the matter; and (3) failure of the debtor to make plan payments since the case filing. (DE 14). In response, counsel for Mr. McGlohon raised the competency issue and stated that he would propose a new chapter 13 plan to cover the missed payments.  No evidence of Mr. McGlohon's actual mental state and capacity was offered, nor has any attempt been made since the hearing to address the issue. Neither Mr. McGlohon nor his "next friend" were present for the hearing.  Counsel reiterated that Ms. Watkins

had not responded to the several attempts at contact made by his office since the filing of the bankruptcy petition.

## Discussion

The Bankruptcy Code does not require a debtor to be competent to file a petition for relief. 11 U.S.C. §§ 109(a), 109(h). Federal Bankruptcy Rule of Procedure 1004.1 specifically provides that the filing of a bankruptcy petition may be accomplished by a "next friend or guardian ad litem" on behalf of an "infant or incompetent person who does not have a duly appointed representative." Fed. R. Bankr. P. 1004.1.  Additionally, Rule 1004.1 instructs the court to "appoint a guardian ad litem for an . . . incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the . . . incompetent debtor."  Id.  Rule 1004.1 incorporates and tracks Federal Rule of Civil Procedure 17(c)(2), which states that "a minor or incompetent person who does not have a duly appointed representative may sue by next friend or by guardian ad litem." Fed. R. Civ. P. 17(c)(2).  While "unusual and extraordinary," the appointment of a guardian ad litem for an incompetent debtor by a bankruptcy court is available and provided for in Rule 1004.1. In re Whitehead, 2005 WL 1819399, *1 (Bankr. M.D.N.C. July 22, 2005) (citing Fed. Bankr. R. P. 1004.1).  A bankruptcy court has the power to appoint a guardian ad litem for the limited purpose of facilitating the bankruptcy case.  In re Moss, 239 B.R. 537 (Bankr. W.D. Mo. 1999) (finding "the appointment of a limited guardian" to be "necessary and appropriate . . . because it will aid in the administration of the case . . . ."); In re Babb, 2009 WL 1076814, *1 (Bankr. E.D.N.C. April 16, 2009) (appointing a guardian ad litem to represent debtor's incompetent son and assist in "discern[ing] the truth regarding real property ownership issues" in the bankruptcy case).

North Carolina law provides for the appointment and use of guardians ad litem in cases involving infants or incompetent parties.[1] Chapter 35A of the North Carolina General Statutes establishes a procedure for determining an individual's incompetency and requires the appointment of a guardian ad litem to represent a party who "has been adjudicated incompetent" and whose "interests are not adequately represented." N.C. Gen. Stat. § 35A-1217 (2013). Additionally, North Carolina Rule of Civil Procedure 17(b)(3) states that "a guardian ad litem for an infant or incompetent person may be appointed in any case when it is deemed by the court in which the action is pending expedient to have the infant or incompetent person so represented . . . ." N.C. Gen. Stat. Ann. § 1A-1, Rule 17(b)(3) (2013).  Thus, under state law use of a guardian or guardian ad litem for litigants or other persons lacking mental capacity in North Carolina courts is both required and well established. See e.g., Hood v. Holding, 205 N.C. 451, 171 S.E. 633 (1933) (holding that in the case of a *non compos mentis* defendant, "he must defend" by his guardian or by an appointed guardian ad litem); Clawser v. Campbell, 184 N.C. App. 526, 530 646 S.E.2d. 779 (2007) (finding that an incompetent defendant was "neither properly sued nor served in the absence of a guardian ad litem or general guardian"); and see generally In re Winstead, 189 N.C.App. 145 (2008) (discussing appointment of a guardian ad litem for an incompetent individual following a petition for adjudication of incompetence).

---

[1] North Carolina law presently generally disfavors next friend filings, with limited exceptions provided by statute. See e.g., N.C. Gen. Stat. § 30-17.  Prior to 1970, next friends filing were generally recognized in North Carolina courts. In that year, the North Carolina Rules of Civil Procedure were amended to require the use of testamentary or general guardians, or guardians ad litem with infant or incompetent parties in most situations. See Sadler v. Purser, 12 N.C. App. 206, 209 (1971):

> The title to this action would indicate that the infant plaintiff appears by his next friend, which would be in accord with the practice which formerly prevailed in this State. . . This practice has been charged by our new Rules of Civil Procedure, which now provide that in actions or special proceedings when any of the parties plaintiff are infants or incompetent persons, they must appear by general or testamentary guardian, if they have any within the State, or by duly appointed guardian ad litem.

Id.

Case law addressing filings by next friends on behalf of incompetent debtors in bankruptcy is sparse, but a few cases are instructive on the issue. An overarching concern throughout these cases is that the individual serving as a next friend act in the debtor's best interests during the bankruptcy case and that the next friend maintain a working knowledge of the debtor's financial situation. See In re Lane, 2012 WL 5296122, *1 (Bankr. D. Or. Oct. 25, 2012) (establishing a procedure for the appointment of a next friend to ensure a lack of bias); In re Myers, 350 B.R. 760, 764 (Bankr. N.D. Ohio 2006) (appointing the debtor's wife of sixty-three years as next friend and finding her to be "very knowledgeable about the [debtor's] financial affairs"); In re Zawisza, 73 B.R. 929, 936 (Bankr. E.D. Pa. 1987) (finding "it can be presumed that [the debtor's next friend] has the [d]ebtor's best interest at heart given the nature of the protections of a bankruptcy filing . . . .").

In Lane, the bankruptcy court for the District of Oregon established a specific procedure through which an individual could move for appointment as a debtor's "next friend." Lane at *1–2. The court explained that the outlined procedure was necessary to alleviate concerns of abuse under Rule 1004.1 and to ensure that the next friend would act in a disinterested manner and only if the debtor was "financially incapable." Id. at *1. The Lane court required that a motion for next friend status be filed with the debtor's petition for relief. Id. Several requirements beyond the motion were listed, including: a power of attorney, if applicable; a detailed declaration by the movant explaining his or her rationale for appointment and any interests he or she has in the debtor's financial affairs; documentation from the debtor's physician concerning competency; and documentation from the debtor's caregiver regarding the debtor's current condition. Id. at *1–2.

In this case, Ms. Watkins is listed as Mr. McGlohon's next friend because she is stated to be his wife. However, no marriage certificate or evidence of the current state of their union was

presented with Mr. McGlohon's petition (DE 1), or in the nearly four months since that filing. Ms. Watkins has made no showing that the bankruptcy case filing was necessary, how she is acting in Mr. McGlohon's best interest in filing the petition, if she will benefit from the bankruptcy case, whether she is a creditor, if she already controls Mr. McGlohon's finances, and how or if she is knowledgeable to any degree concerning Mr. McGlohon's current state of financial affairs. (DE 1). Moreover, she failed to attend the required § 341 creditors' meeting on behalf of Mr. McGlohon, has not taken the required education course in lieu of Mr. McGlohon, failed to respond to communications by Debtor's counsel following the filing of the petition, has not caused any plan payments to be made, or taken any other actions in the case since its filing. (DE 14; DE 18). On these facts, the court cannot find that Ms. Watkins is indeed Mr. McGlohon's "next friend," acting in his best interests.

Furthermore, the next friend remedy assumes a finding that a debtor is incompetent, a minor, or otherwise incapacitated. No evidence has been presented to the court concerning the present or past status of Mr. McGlohon's mental capacity. In fact, the only evidence presented in the case leads to the inescapable conclusion that his "next friend" has chosen not to be involved in the chapter 13 case. This court shares in the concerns for potential abuse of next friend filings and finds that the <u>Lane</u> procedure offers reasonable safeguards. Further, this court finds it imperative that a next friend or other fiduciary act only in a debtor's best interests not only in filing the petition, but also throughout the entire bankruptcy case.

Importantly, both Federal Bankruptcy Rule of Procedure 1004.1 and the North Carolina Rules of Civil Procedure condition the appointment and use of a guardian ad litem on finding a party to be incompetent. State law governs the determination of an individual's incompetency. <u>Matchem v. Frank</u>, 998 F.2d 1009, 1010 (4th Cir. 1993). Thus, even if a filing could initially be

accomplished under the federal rule by a "next friend" in an emergency as Mr. McGlohon's counsel suggests here, both North Carolina law and Rule 1004.1 require establishing a debtor's incompetency and appointment of a guardian at the first opportunity. In North Carolina, an "incompetent adult" is defined as an individual "who lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions concerning the adult's person, family, or property . . . ." N.C. Gen. Stat. § 35A-1101, 1(7) (2013). In this case, while Mr. McGlohon's counsel speculated at the hearing that Mr. McGlohon may be incompetent, he introduced no evidence substantiating that claim, and still has not done so months into the case. Neither he nor the court are clinical psychologists with training to determine the legal capacity and mental competence of a person without expert testimony.

Based upon the record, the court cannot find that Mr. McGlohon is competent or incompetent, and therefore cannot determine the validity of the filing of his petition by the purported next friend.  Accordingly, this matter will be continued to March 2, 2016 and re-set for hearing then. Before the continued hearing, Mr. McGlohon may choose to apply for a pro bono mental health evaluation through the Mental Health Program available in this district pursuant to E.D.N.C. LBR 2014-2. Further, his next friend may supplement the petition to include explanations to support the validity of her filing on behalf of Mr. McGlohon and why the filing serves his best interests. Finally, a motion for appointment of a proper guardian ad litem must be filed, with any ruling likely to be deferred until the mental health report is presented if other thresholds are met. In the interim, the court will hold open the issues set forth in the Trustee's Objection to Confirmation and Motion to Dismiss. However, if Mr. McGlohon fails to take steps outlined above to establish the validity of the petition and to address the matters raised in the

Objection and Motion, the court will consider dismissing the case in lieu of taking further evidence at the continued hearing.

**END OF DOCUMENT**